## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CRYSTAL E. NEAL,              )
                              )
        Plaintiff,            )
                              )
v.                            )        1:15-CV-1047
                              )
PARAGON REVENUE GROUP,        )
                              )
        Defendant.            )
```

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), in conjunction with her pro se Complaint (Docket Entry 2). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### I. LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute obliges "the [C]ourt . . . [to] dismiss the case at any time if [it] determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

A plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), by not alleging "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). The applicable standard, thus, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

2

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## II. DISCUSSION

Plaintiff's Complaint seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). (Docket Entry 2 at 1; see also id. at 3-6 (setting forth two causes of action under FCRA and one under FDCPA).) It also purports to assert a state-law claim for violations of the "North Carolina Consumer Collection Practices Act." (See id. at 4.)

In sum, the Complaint alleges that, in July 2015, Plaintiff pulled her credit report, which indicated a derogatory account with Defendant Paragon Revenue Group ("Paragon"). (Id. at 2.) The Complaint further alleges that Plaintiff filed a dispute letter with three credit reporting agencies, and that she sent Paragon a letter "asking them to send [her] information about this derogatory account." (Id.) According to the Complaint, in September 2015, Plaintiff again pulled her credit report and discovered that the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

<s>3</s>

derogatory account still appeared. (Id.) Finally, the Complaint alleges in conclusory fashion, that Paragon, "directly and through other entities, ha[s] been attempting to collect on what [it] now claim[s] to be a balance of approximately $5,000." (Id.)

Upon review, the undersigned has identified a number of deficiencies in Plaintiff's IFP Application and Complaint, including the lack of factual information to substantiate Plaintiff's claims. The undersigned has also determined that Plaintiff's IFP Application and Complaint are virtually identical in both form and substance to another pauper application and complaint that Plaintiff filed pro se in this Court (the "Capital One Action"), see Neal v. Capital One Bank USA NA, No. 1:15CV837, Docket Entries 1 (in forma pauperis application), 2 (complaint) (M.D.N.C. Oct. 7, 2015). In fact, the two complaints materially differ only in that they name different defendants and the Capital One Action references an unattached exhibit. (Compare Docket Entry 2, with Capital One, No. 1:15CV837, Docket Entry 2.) Because the two actions share so many similarities and suffer from many of the same deficiencies, the undersigned will undertake a brief discussion of the Capital One Action as a backdrop for recommending dismissal of this case.

**A. Similarities in the Actions**

After reviewing Plaintiff's complaint in the Capital One Action (the "Capital One Complaint"), the undersigned held a

4

hearing to afford Plaintiff an opportunity to address its deficiencies. (See Text Order dated October 9, 2015 in Capital One, 1:15CV837 (M.D.N.C. 2015).) At said hearing, Plaintiff appeared pro se and "indicated that she prepared the [Capital One] Complaint by using a template and case that she found online, and that she could provide additional factual information to support her claims.[2]" Capital One, No. 1:15CV837, 2015 WL 9239815, at *2 (M.D.N.C. Dec. 17, 2015). The undersigned then reviewed the Capital One Complaint with Plaintiff, and she conceded that it contained several deficiencies, including:

1. Plaintiff had no basis for alleging that the defendants are "not authorized to do business in North Carolina;"

2. Plaintiff had no basis for alleging that "Capital One [ ] is an unknown entity;"

3. the Capital One Complaint had an errant numbering scheme because it contained no paragraphs numbered 9 through 29;

4. the Capital One Complaint contained a deficiency where it stated, "Neither [d]efendant has ever provided to Plaintiff an accounting of the alleged debt nor any contract or other legal justification for attempting to collect it," because it did not specify the defendant(s) to whom Plaintiff referred; and

---

[2] The Clerk's Office recorded the hearing. (See [Capital One, 1:15CV837,] Minute Entry dated Oct. 26, 2015.)

5

5. Plaintiff conceded that she used an online template and legal case to draft her claim under the purported "North Carolina Consumer Collection Practices Act," which listed a Florida statute, see Consumer Collection Practices, Fla. Stat. § 559.55 et seq., and that she simply substituted "North Carolina" for "Florida" in asserting that claim.
Id. at *2-3.

The undersigned then afforded Plaintiff an opportunity to amend her Capital One Complaint to address its deficiencies, including to "allege factual matter regarding [the d]efendants' purported 'willful' violations of the FCRA, and, . . . factual matter regarding the actual damages she incurred as a result of [the d]efendants' purported 'negligent' violations of the FCRA, including details about any credit denials and how those denials resulted in financial losses." Id. at *3.

Upon review of Plaintiff's amended complaint in the Capital One Action (the "Amended Capital One Complaint"), the undersigned determined that it failed to correct many of the deficiencies contained in the Capital One Complaint and failed to provide enough factual information to support her FCRA and FDCPA claims. Id. at *3-6. Notably, "[w]ith regard to the lack of factual matter, the Amended [Capital One] Complaint purport[ed] to assert two causes of action under the FCRA and one under the FDCPA, but d[id] not provide enough facts to sufficiently allege any of those claims."

6

Id. at *4.  Accordingly, after analyzing the Amended Capital One Complaint, the undersigned determined that Plaintiff failed to sufficiently state a claim for relief under either the FCRA or FDCPA.  Id. at *6.

**B. The Instant Complaint**

Turning now to the instant action, Plaintiff again fails to state a claim for relief.  The Complaint in this case contains numerous deficiencies identical to the ones identified in the Capital One Action.  For example, the Complaint:

1. alleges that Paragon "is an unknown entity, not authorized to do business in North Carolina" (Docket Entry 2, ¶ 6), without any factual matter to support this allegation (see id. at 1-6);

2. has an errant numbering scheme because it contains no paragraphs numbered 9 through 29 (see id.), even though paragraphs numbered 30, 34, 38, and 42 "reallege" the preceding paragraphs as if paragraphs numbered 9 through 29 appeared in the Complaint (id., ¶¶ 30, 34, 38, 42);

3. purports to allege a claim under the "North Carolina Consumer Collection Practices Act" (id. at 4), even though Plaintiff admitted in the Capital One Action that she relied on a Florida statute, see Capital One, 2015 WL 9239815, at *3;[3]

---

[3] The Complaint's caption only names Paragon as a defendant (see Docket Entry 2 at 1), but alleges that "Trans union Equifax Experian" violated the purported "North Carolina Consumer Collection Practices Act" (id. at 4).

7

4. deficiently states, "Neither Defendant has ever provided to Plaintiff an accounting of the alleged debt nor any contract or other legal justification for attempting to collect it" (Docket Entry 2 at 2), thereby suggesting multiple Defendants exist, without specifying the supposed Defendant(s) to which Plaintiff refers (see id.);

With regard to the lack of factual matter, as discussed below, the instant Complaint, like the Amended Capital One Complaint, does not provide sufficient facts to allege a claim under either the FCRA or the FDCPA. (See id. at 1-6.) Thus, the undersigned recommends dismissal of this case under section 1915(e)(2)(B) for failure to state a claim. See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and deeming "legal conclusions" and "conclusory statements" insufficient).

**i. FCRA Claims**

Plaintiff's first FCRA claim alleges that Paragon "willfully violated the FCRA" by committing one or more of four proscribed actions. (Docket Entry 2 at 5.) The factual allegations in the Complaint do not support this claim. For example, the Complaint contends that Paragon failed to inform the consumer reporting agencies that Plaintiff disputed the reported information. (Id.) Factually, however, the Complaint only alleges that "[Plaintiff] sent a letter to [Paragon] asking them to send [her] information

8

about [her] derogatory account and once again no further information was received," but that Paragon "stated that [her] account had been charged off," and Paragon "has informed Plaintiff that it can find no record of Plaintiff's account." (Id. at 2.) The Complaint does not allege that Plaintiff informed Paragon in that letter (or otherwise) that she disputed the information about her derogatory account. (See id.) Moreover, the Complaint contains no factual matter supporting the allegation that Paragon failed to inform the consumer reporting agencies that Plaintiff disputed her alleged derogatory account. (See id. at 1-6.)

Next, the Complaint alleges that Paragon "willfully violated the FCRA" by "negligently failing to conduct an investigation with respect to the disputed information" regarding Plaintiff's alleged derogatory account. (Id. at 5.) Under the FCRA, "[a]fter receiving notice pursuant to section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A). "Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller . . ., the agency shall provide notification of the dispute to any person who provided any item of information in dispute." 15 U.S.C. § 1681i(a)(2)(A). Relative to

9

this alleged violation, the Complaint alleges only that "[Plaintiff] sent a letter to [Paragon] asking them to send [her] information abut [her] derogatory account." (Docket Entry 2 at 2.) As noted above, the Complaint does not allege that Plaintiff disputed the account information in this letter. Even assuming the letter triggered Paragon's investigative duties, the Complaint does not allege facts showing Paragon violated that duty. Instead, the Complaint alleges only that Paragon found no information about Plaintiff's account. (Id. at 2.)

Further, the Complaint alleges that Paragon "willfully violated the FCRA" by, "after receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies." (Docket Entry 2 at 5.) The Complaint does not allege that consumer reporting agencies provided any information to Paragon for review or that Paragon did not review Plaintiff's derogatory account. (See id. at 1-6.) To the contrary, the Complaint alleges that Paragon "informed Plaintiff that it [could] find no record of Plaintiff's account." (Id. at 2.)

Lastly, the Complaint alleges that Paragon "willfully violated the FCRA" by, "after receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such

10

consumer reporting agencies to delete inaccurate information about [P]laintiff pertaining to the account." (Id. at 5.) Again, even assuming Plaintiff's letter constituted such notice, the Complaint states that Paragon could "find no record of Plaintiff's account" (id. at 2), and does not contend that Paragon failed to direct consumer reporting agencies to delete inaccurate information about Plaintiff's account (see id. at 1-6).

Plaintiff's second FCRA claim alleges that Paragon violated the four provisions described above by acting "negligently," instead of "willfully." (Compare id. at 4-5 (first FCRA claim alleging willful violations), with id. at 5-6 (second FCRA claim alleging negligent violations).) Again, for the reasons noted above, Plaintiff fails to provide sufficient factual matter to indicate that Paragon committed any violation of the FCRA, whether willful or negligent. (See id. at 1-6.) Moreover, the Complaint contains insufficient facts regarding the willfulness of any alleged violation, as required to recover "any actual damages sustained by the consumer," 15 U.S.C. § 1681n(a)(1)(A), or the "actual damages" Plaintiff allegedly suffered as a result of Paragon's negligent actions, as required to recover under 15 U.S.C. § 1681o(a)(1). (See Docket Entry 2 at 1-6.)[4] Thus, the Court

---

[4] Plaintiff's Complaint alleges, in conclusory fashion, that Plaintiff incurred "credit denials, credit delays, inability to apply for credit, inability to qualify for specific employment, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and

11

should dismiss Plaintiff's FCRA claims under 28 U.S.C. § 1915(e)(2)(B)(ii). See Golden v. NCO Fin. Sys., No. 1:12CV1097, 2013 WL 4519774, at *2 (M.D.N.C. Aug. 26, 2013) (unpublished) (recommending dismissal of FCRA claims where complaint "contain[ed] only a bald assertion that [the d]efendant acted willfully and that [the p]laintiff suffered actual damages"), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013) (Schroeder, J.); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553, at *3 (M.D.N.C. June 26, 2013) (unpublished) (same), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable Ascent Fin., LLC, No. 1:12CV443, 2013 WL 2474377, at *4 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.) (same).

**ii. FDCPA Claim**

Plaintiff's FDCPA claim (see Docket Entry 2 at 3) fails for two main reasons. First, the Complaint alleges that "Defendant [Paragon] is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6)" (Docket Entry 2 at 3), but fails to explain how Paragon falls under the statutory definition of "debt collector" (see id.). The FDCPA defines a debt collector as one who

---

costs." (Docket Entry 2 at 2.) However, the Complaint does not allege that Paragon's actions "affected [Plaintiff's] ability to get a specific loan or line of credit or interfered with [her] ability to . . . get a specific job," King v. Equitable Ascent Fin., LLC, No. 1:12CV443, 2013 WL 2474377, at *4 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.) (dismissing FCRA claim based on the defendant's negligent conduct because the plaintiff failed to "allege[] any facts to support his claim for actual damages"). (See Docket Entry 2 at 1-6.)

12

"regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"Where the holder of a debt attempts to collect its own accounts, as [the Complaint alleges that Paragon] has done here, it is not a debt collector under the FDCPA." Bagwell v. Dimon, No. 1:14CV495, 2015 WL 2374614, at *6 (M.D.N.C. May 18, 2015) (unpublished) (first citing Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 379 n.2 (4th Cir. 2006) ("[A] company's own efforts to collect overdue payments from its own delinquent clients would not ordinarily make it a 'debt collector' under the [FDCPA], which specifically refers to those who collect debts 'owed or due or asserted to be owed or due another.'" (quoting 15 U.S.C. § 1692a(6)); and then citing Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.")); see also Kirby v. SCA Collections, No. 1:13CV1048, 2014 WL 1225317, at *4 (M.D.N.C. Mar. 25, 2014) (unpublished) (first citing Horton v. HSBC Bank, No. 1:11CV3210TWT, 2013 WL 2452273, at *8 (N.D. Ga. June 5, 2013) (unpublished) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants qualify as debt collectors under the FDCPA. On this basis alone, Plaintiff's FDCPA claim should be dismissed."); and

13

then citing Garcia v. Jenkins/Babb LLP, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012) (unpublished) ("Plaintiffs' description of the Jenkins/Babb Defendants as 'debt collectors' is a legal conclusion which courts are not bound to accept as true. . . . The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged 'in any business the principal purpose of which is the collection of any debts' or that they 'regularly collect or attempt to collect debts.' This failure is fatal to the claim against them under *Iqbal*." (internal ellipses omitted))), recommendation adopted, slip op. (M.D.N.C. Apr. 14, 2014) (Schroeder, J.).

Second, the Complaint alleges that, "[when] the account was closed, there was a disputed balance of [$]2,988. Since then . . . [Paragon], directly and through other entities, [has] been attempting to collect on what [it] now claim[s] to be a balance of approximately $5000." (Docket Entry 2 at 2.) The Complaint provides no further details about this amount, Paragon's attempted collection of it, or any communication by Paragon (see id. at 1-6), aside from Paragon "inform[ing] Plaintiff that it can find no record of Plaintiff's account" (see id. at 2). The Complaint also states that, on Plaintiff's credit report, Paragon states that Plaintiff has a "derogatory account" that has "been charged off." (Id.) Without more factual support, these allegations are

14

insufficient to establish a claim that Paragon violated any of the cited FDCPA provisions, including "falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and failing to send timely written notice of rights to dispute the debt (id. at 3-4). In sum, the FDCPA claim in Plaintiff's Complaint fails as a matter of law. See Nowlin v. Capital One, No. 1:13CV1108, 2014 WL 795771, at *3 (M.D.N.C. Feb. 27, 2014) (unpublished) (recommending dismissal of FDCPA claim because the only non-conclusory factual allegation in the complaint did not support finding that the defendant violated any of the cited FDCPA provisions), recommendation adopted, slip op. (M.D.N.C. Mar. 26, 2014) (Eagles, J.).

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is granted for the

limited purpose of allowing the Court to consider a recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                       **United States Magistrate Judge**

January  11 , 2016